**In re CHASE & SANBORN CORP. f/k/a General Coffee Corp., Debtors.**

**Paul C. NORDBERG, as Creditor Trustee for the Estate of the Debtor, Chase & Sanborn Corp. f/k/a General Coffee Corp., Plaintiff,**

v.

**GRUPO DE INVERSIONES DEL CARIBE, S.A. a/k/a Invercaribe, a Panamanian corporation, Defendant.**

**Bankruptcy No. 83–00889–BKC–TCB. Adv. No. 86–0041–BKC–TCB–A.**

United States Bankruptcy Court, S.D. Florida.

Feb. 26, 1986.

Ronald P. Weil, and Gary R. Jones, Hornsby & Whisenand, Miami, Fla., for plaintiff.

Stewart A. Merkin, Miami, Fla., for defendant.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Chief Judge.

The liquidating trustee appointed under this debtor's chapter 11 plan seeks recovery of $3 million from the defendant Panamanian corporation under 11 U.S.C. § 548(a)(2).

The complaint was filed in the District Court on May 17, 1985. On June 27, 1985, the District Judge entered an order transferring the case to the bankruptcy court (C.P. No. 1), however, that order was never brought to the attention of the bankruptcy court until January 21, 1986, seven months later. In the meantime, the clerk of the District Court issued a summons and that summons was served upon the defendant on December 26, 1985. Neither the service nor the transfer of this matter to this court has been questioned by the defendant.

This court's Order of January 29 set the matter to be tried on February 20. On February 19, plaintiff moved for the entry of a default on account of the defendant's failure to answer and on February 20, an Answer was filed together with defendant's motion for continuance.

At the trial held February 20, the motion for continuance was denied. The motion for default was also denied, in view of defendant's Answer and appearance at trial.

The uncontroverted evidence before me is that the debtor transferred $3 million to the defendant in five transactions between October 21, 1982 and January 19, 1983, on the dates and in the amounts alleged. It is equally undisputed that the debtor was hopelessly insolvent during the time these transfers were made.

To carry his burden under § 548(a)(2), plaintiff is also required to prove only that the debtor:

"received less than a reasonably equivalent value in exchange for such transfer or obligation."

The Answer concedes that defendant furnished no consideration to the debtor, but alleges that the defendant:

"used the funds to purchase Colombian Pesos at the direction of the Debtor."

It is not alleged that the pesos were delivered to the debtor or were delivered to someone else at the debtor's direction. If defendant could prove either fact, it would have provided a reasonably equivalent value in exchange for the transfer. However, defendant has offered nothing.

Plaintiff's evidence is that there is no record or other indication that this defendant ever furnished anything of value to or for the account of the debtor. I find, therefore, that plaintiff has proved each of the elements specified in § 548(a)(2).

As is required by B.R. 9021(a), a separate judgment will be entered for the plaintiff and against the defendant in the amount of $3 million. Costs may be taxed on motion.